UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVERTOP ASSOCIATES, INC., D/B/A RASTA IMPOSTA,<br><br>Plaintiff,<br><br>vs.<br><br>AMSCAN INC.,<br>PARTY CITY CORPORATION, and<br>PARTY CITY HOLDINGS, INC.,<br><br>Defendants. | Civil Action No. |

## COMPLAINT

1.      Plaintiff Silvertop Associates, Inc., d/b/a Rasta Imposta ("Rasta Imposta") brings this complaint against defendants Amscan, Inc., Party City Corporation, and Party City Holdings, Inc. (collectively referred to as "Amscan") for copyright infringement, trade dress infringement, false advertising and unfair competition.

2.      Amscan advertises itself as the largest designer, manufacturer and distributor of decorated party goods and party accessories in the world.  In 2013, Amscan purchased an entire line of Halloween costumes designed and manufactured by Rasta Imposta.  This year, Rasta Imposta learned that those Rasta Imposta costumes have been replaced by copies or "knock-offs" that Amscan manufactured overseas.  Moreover, Amscan is advertising the knock-off costumes to the public in a manner that incorrectly suggests an affiliation between the knock-off costumes and Rasta Imposta.

3.      Rasta Imposta owns copyright registrations with the U.S. Copyright Office for several of its costume designs, including Rasta Imposta's distinctive banana costume design,

which has become increasingly popular and well-known since Rasta Imposta first introduced the product to the market in 2001.  Amscan is not free to simply appropriate Rasta Imposta's intellectual property for its own business advantage.  Accordingly, Rasta Imposta files this lawsuit seeking damages and injunctive relief.

## PARTIES

2.      Plaintiff Rasta Imposta is a New Jersey corporation with its principal place of business at 600 E. Clements Bridge Road, Runnemede, NJ 08078.

3.      Defendant Amscan, Inc. is a New York corporation with a principal place of business at 80 Grasslands Road, Elmsford, New York 10523.

4.      Defendant Party City Corporation is a Delaware corporation with a principal place of business in Rockaway, New Jersey.

5.      Defendant Party City Holdings, Inc., is a Delaware corporation with its corporate headquarters in Rockaway, New Jersey.

6.      Upon information and belief, defendants Party City Corporation, and Amscan, Inc., are subsidiaries of defendant Party City Holdings, Inc.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction over Rasta Imposta's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8.      This court has personal jurisdiction over Amscan because Amscan is engaged in the systematic and continuous conduct of business in the State of New Jersey.  Amscan's headquarters are also in Rockaway, New Jersey.  Amscan's conduct in connection with the State of New Jersey required it reasonably to anticipate that it would be subject to the jurisdiction of the courts in the State of New Jersey.

9.      Venue in the District of New Jersey is proper under 28 U.S.C. § 1391.

# FACTUAL BACKGROUND

**A.      Rasta Imposta's Designs and Intellectual Property**

10.      Rasta Imposta is a company that designs, manufactures, and sells innovative and distinctive costumes for adults and children.

11.      Rasta Imposta began twenty years ago when its Chief Executive Officer, Robert Berman, created the Original Rasta Hat with sewn-in dreadlocks.  The Original Dreadlock Hats were an instant success.  This led to the creation of new designs and the company's expansion into the "Halloween Industry."

12.      In 1998, Rasta Imposta introduced a collection of costumes to complement its existing line of hats.  Rasta Imposta now manufactures thousands of costumes and accessories for kids and adults of all ages.

13.      Crucial to Rasta Imposta's brand is that consumers recognize Rasta Imposta as a creator and manufacturer of unique costume designs that are made with high quality materials. Rasta Imposta strives to consistently create new and innovative looks that set it apart from other costume designers and manufacturers.

14.      Rasta Imposta began offering a banana costume design to the public on or about March 9, 2001 (the "Banana Design").  Examples of the Banana Design are shown below:

4246621 v1

 

15.     When it debuted in 2001, the Banana Design was the only costume design with this distinctive overall appearance.

16.     The appearance and trade dress of Rasta Imposta's distinctive Banana Design is identified by a combination of arbitrary and distinct visual elements which make up its overall appearance, design, and trade dress, including, but not limited to the Banana Design's bright yellow color with dark tips at the ends, the lines running down the sides, the Banana Design's placement of the banana ends, and the cutout holes in the Banana Design.

17.     The Banana Design is advertised by Rasta Imposta by models wearing long black pants, a shirt with black sleeves, and black dress shoes.

18.      Due to Rasta Imposta's manufacture and advertisement of the Banana Design between 2001 and the present, the Banana Design has become recognizable as a unique banana costume design throughout the United States.

19.     Rasta Imposta filed an application to register the Banana Design on or about March 23, 2010.

20.     Rasta Imposta owns Copyright Registration No. VA 1-707-439, which was issued March 26, 2010, for the Banana Design.

21.     Since 2001, Rasta Imposta has licensed its Banana Design to other companies seeking to sell a similar product.

22.     Rasta Imposta also created and sold the following variation of the Banana Design in 2013, which included three dark lines down the costume's seams:



**B.      Amscan's Infringement of Rasta Imposta's Designs**

23.     When Amscan introduced its Fall 2014 line around July 2014, Rasta Imposta learned that Amscan had replaced the Rasta Imposta costumes that Amscan previously had purchased from Rasta Imposta with knock-offs, as follows:

4246621 v1

a.  Rasta Imposta Products:

 

New Amscan Products:

 

b.  Rasta Imposta Product:                    New Amscan Product:

 

c.  Rasta Imposta Product:                    New Amscan Product:

 

4246621 v1

d.  Rasta Imposta Product:                New Amscan Product:



e.  Rasta Imposta Product:                New Amscan Product:



f.   Rasta Imposta Product:              New Amscan Product:



24.     Amscan was also increasing the likelihood of consumer confusion and the chance that the public would associate the new knock-off products with Rasta Imposta by advertising the new knock-off products with other Rasta Imposta costumes on its website www.partycity.com.

25.     Amscan advertises its new Amscan hot dog costume, for example, with Rasta Imposta's existing burger costume, without noting to consumers that the burger costume, but not the hot dog, is manufactured by Rasta Imposta:

4246621 v1



26.     Rasta Imposta's costume designs were all known to Amscan prior to Amscan's copying of the above-costumes, because Amscan previously purchased the costumes from Rasta Imposta.

27.     The designs were substantially and confusingly similar to Rasta Imposta's costume designs.

28.     While Rasta Imposta did not seek copyright protection for all of the costumes identified above, and is not asserting copyright claims with respect to all of the costumes above, Amscan's copying of an entire costume line under these circumstances constitutes unfair competition under the Lanham Act and the common law.

29.     Additionally, Amscan violated the Copyright Act when it copied Rasta Imposta's Banana Costume design with willful disregard of Rasta Imposta's intellectual property rights and copyright registration in the design.

30.     The Amscan costume has the same shape as the Banana Design, the ends of the banana are placed similarly to the Banana Design, the one-piece costume is worn on the body the same way as the Banana Design, and the cut out holes are similar to the Banana Design.

10

31.     Amscan included the brown lines Rasta Imposta added to the costume's seams.

32.     Additionally, Amscan outfitted its costume models identically to the Rasta Imposta models, showing the product with black dress shoes, long black pants, and a long black shirt.

33.     Rasta Imposta has suffered significant financial harm and irreparable harm to its reputation as a result of Amscan's conduct.

### Count I – Copyright Infringement Under the Copyright Act

34.     Rasta Imposta repeats and incorporates all other paragraphs of the Complaint as if fully set forth herein.

35.     The Banana Design that is the subject of Copyright Registration No. VA 1-707-439, issued March 26, 2010, is the intellectual property of Rasta Imposta.

36.     Amscan has infringed upon Rasta Imposta's Banana Design.

37.     The costumes currently being sold by Amscan are substantially similar to Rasta Imposta's Banana Design.

38.     The infringement of Rasta Imposta's copyrighted materials has been willful, intentional, and in total disregard of Rasta Imposta's copyrights, in violation of 17 U.S.C. § 501 et seq.

39.     Amscan did not have license, authorization or the consent of Rasta Imposta to use a substantially-similar banana design.

40.     As a result of Amscan's infringement of Rasta Imposta's copyrights and exclusive rights under copyright, Rasta Imposta is entitled pursuant to 17 U.S.C. § 504 to either disgorgement of profits and recovery of actual damages, or statutory damages.

41.     Rasta Imposta is further entitled to recovery of its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

42.     Amscan's conduct is resulting in irreparable damage to Rasta Imposta and Rasta Imposta has no adequate remedy at law.

43.     Amscan's infringement of Rasta Imposta's copyright has damaged, and is continuing to damage, Rasta Imposta in an amount to be determined at trial.

44.     Accordingly, Rasta Imposta seeks an order under 17 U.S.C § 502 enjoining Amscan's copyright infringement.

45.     By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, either actual or statutory damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## Count II – Trade Dress Infringement Under the Lanham Act

46.     Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

47.     The Banana Design is inherently distinctive and has acquired distinctiveness through secondary meaning.

48.     The Banana Design is a non-functional with a protectable overall appearance.

49.     Amscan's imitation of the Banana Design is likely to cause consumer confusion in consumer's minds as to the source of the product.

50.     Consumers associate the Banana Design trade dress with Rasta Imposta, due to Rasta Imposta's continuous and widespread use of the design since 2001.

51.     Consumers are likely to see Amscan's infringing designs and associate those designs with Rasta Imposta, or to see both parties' designs, which are substantially similar, and assume those designs are created and manufactured by the same company.

4246621 v1

52.     Rasta Imposta cannot control the quality or features of Amscan's costume designs, and if Amscan creates an inferior banana costume design, consumers are likely to incorrectly associate that product with Rasta Imposta.

53.     Rasta Imposta has been and continues to be damaged by Amscan's activities and conduct. Accordingly, Rasta Imposta is entitled to recover their damages, as well as Amscan's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

54.     Unless Amscan's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

55.     By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, trebled damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

<u>**Count III – Unfair Competition**</u>

56.     Rasta Imposta repeats and incorporates each paragraph of the Complaint as if set forth fully herein.

57.     Amscan's conduct constitutes unfair competition, in that Amscan is attempting to benefit commercially from the consumer goodwill Rasta Imposta has in its distinctive line of costume designs and Rasta Imposta's creativity in coming up with unique costume concepts.

58.     Amscan's conduct in copying an entire line of costumes created by Rasta Imposta is likely to cause consumer confusion as to the source of the products offered by Amscan.

59.     Amscan has increased the likelihood of confusion resulting from its knock-off products by advertising those products in a misleading manner and alongside Rasta Imposta costume products.

60.     Amscan's wrongful conduct arises directly out of and is connected to its advertising activities.

61.     Such acts constitute acts of unfair competition against Rasta Imposta under 15 U.S.C. § 1125.

62.     Rasta Imposta has been and continues to be damaged by Amscan's activities and conduct. Accordingly, Rasta Imposta is entitled to recover their damages, as well as Amscan's profits received as a result of the infringement, pursuant to 15 U.S.C. §1117(a).

63.     Unless Amscan's conduct is enjoined, Rasta Imposta and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

64.     By reason of the foregoing, Rasta Imposta is entitled to injunctive relief, trebled damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rasta Imposta prays for relief and judgment, and requests that the Court:

(A)     enter judgment against Amscan and in favor of Rasta Imposta with respect to each claim for relief alleged in this Complaint;

(B)     award Rasta Imposta injunctive relief, either actual and/or statutory damages, and its costs and attorneys' fees, pursuant to the Copyright Act;

(C)     award Rasta Imposta injunctive relief, trebled damages and its costs and attorneys' fees, pursuant to the Lanham Act; and

(E)     award such other and further relief as the Court deems just and proper.


Respectfully submitted,

**FLASTER/GREENBERG P.C.**


Dated: August 18, 2014        By:   */s/ Alexis Arena*
                                        Alexis Arena
                                        1810 Chapel Avenue West
                                        Cherry Hill, NJ 08002
                                        (856) 661-1900
                                        Fax:  (856) 661-1919
                                        alexis.arena@flastergreenberg.com
                                        *Attorneys for Plaintiffs*

15